UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGERS A. NWABUE,

    Plaintiff,

v.

Case No. 11-14182

Hon. John Corbett O'Meara

WAYNE STATE UNIVERSITY
SCHOOL OF MEDICINE, DETROIT
MEDICAL CENTER, and
THEODORE B. JONES,

    Defendants.

_____/

## ORDER GRANTING
## DEFENDANTS' MOTION TO DISMISS

Before the court is Defendants' motion to dismiss, filed November 16, 2011. Plaintiff filed a response on December 12, 2011. Plaintiff also filed a motion for default/summary judgment on December 23, 2011. Defendants filed a response on January 10, 2012; Plaintiff submitted a reply brief on January 30, 2012. The court did not hear oral argument.

### BACKGROUND FACTS

Plaintiff Rogers A. Nwabue, M.D., alleges that the Wayne State University School of Medicine, Detroit Medical Center, and Theodore B. Jones, M.D., discriminated against him on the basis of age and national origin by failing to employ him in a residency program in obstetrics/gynecology. Nwabue alleges that he applied for a post-graduate year three ("PGY-3") position on July 28, 2009, and was not selected. He contends that Defendants "falsely claimed the advertised position was filled while the position remained vacant until June 2011." He also

states that "I can only conclude that I was denied hire because of my age, 51, and my national origin, Nigerian, and in retaliation for complaining of a protected activity." On June 23, 2011, the EEOC sent Plaintiff a Dismissal and Notice of Rights letter indicating his charge was "not timely filed with the EEOC." Plaintiff filed his complaint on September 22, 2011.

## LAW AND ANALYSIS

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 319 (6th Cir.1999) (internal quotation marks omitted). "[E]ven though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir.2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In order to state a claim for hiring discrimination under Title VII or the Age Discrimination in Employment act, Plaintiff must allege (1) that he is a member of a protected class; (2) that he applied for, and did not receive, a job; (3) that he was qualified for the job; and (4) that a similarly-situated person who was not in the plaintiff's protected class received the job. See Seay v. Tennessee Valley Authority, 339 F.3d 454, 463 (6th Cir. 2003). Plaintiff has not alleged that he was qualified for the PGY-3 position or that a similarly situated person received the job. Nor has he alleged facts that, if taken as true, would create an inference that Defendants' decision not to hire him was based on discriminatory animus. Rather, Plaintiff merely speculates, without factual basis, that Defendants must have discriminated against him.

("I can only conclude that I was denied hire because of my age, 51, and my national origin, Nigerian.")  Such conclusory allegations are insufficient "to raise a right to relief above the speculative level" and Plaintiff's complaint must be dismissed on this basis.

Having concluded that Plaintiff has failed to state a claim upon which relief may be granted, the court will deny Plaintiff's motion for default, summary judgment, and injunctive relief.

## ORDER

IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion for default, summary judgment, and injunctive relief is DENIED.

                                                                         s/John Corbett O'Meara
                                                                         United States District Judge

Date: May 11, 2012

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 12, 2012, using the ECF system and/or ordinary mail.

                                                                         s/William Barkholz
                                                                         Case Manager